S. Handal & Sons, Inc. *v.* United States (No. 4373)[1]

---

[1] C. A. D. 215.

United States Court of Customs and Patent Appeals, July 6, 1942

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* and *Albert MacC. Barnes*, of counsel) for appellant.

*Paul P. Rao*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

[Oral argument April 7, 1942, by Mr. Barnes and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges [1]

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, overruling the protest of the importer by which recovery was sought of certain duties assessed and collected by the Collector of Customs at the port of New York upon an importation of cotton handkerchiefs. The handkerchiefs were classified under paragraph 918 of the Tariff Act of 1930, and, by reason of the provision in that paragraph that such handkerchiefs "shall be subject to duty as cloth," they were assessed at the rates fixed by paragraph 904 (c) of the act as the latter paragraph was modified by presidential proclamation (T. D. 48337; 69 Treas. Dec. 950), plus 10 per centum ad valorem, as provided in paragraph 918, on account of their being hemmed or hemstitched.

The correctness of the classification under paragraph 918 is not controverted, nor is the 10 per centum ad valorem assessed on account of their being hemmed, or hemstitched, in dispute. Also, it is conceded that basically the rates are determinable in conformity with the rates fixed in paragraph 904 (c), but it is contended that the *increased* rates proclaimed by the executive proclamation in T. D. 48337 upon cotton cloth subject to the provisions of paragraph 904 (c) are not applicable to the handkerchiefs provided for in paragraph 918.

We here quote paragraphs 904 (c) and 918, respectively:

PAR. 904. (c) Cotton cloth, printed, dyed, or colored, containing yarns the average number of which does not exceed number 90, 16 per centum ad valorem

---

[1] LENROOT, Judge, did not participate in the consideration or decision of this case.

and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem; exceeding number 90, 47½ per centum ad valorem.

PAR. 918. Handkerchiefs and woven mufflers, wholly or in chief value of cotton, finished or unfinished, not hemmed, shall be subject to duty as cloth; hemmed or hemstitched, 10 per centum ad valorem, in addition.

The proclamation, it may be said, was made by virtue of the authority vested in the President of the United States by section 336 (c)—the so-called flexible tariff provision—of the Tariff Act of 1930. It is in the customary form and is based upon a report of the United States Tariff Commission following an investigation made by the commission in obedience to a resolution passed by the United States Senate, being Senate Resolution 104, 74th Congress, 1st Session (see Congressional Record, volume 79, part 5, page 4680), reading:

Resolved, That the United States Tariff Commission is directed, under the authority conferred by section 336 of the Tariff Act of 1930, and for the purposes of that section, to investigate the differences in the costs of production of the following domestic article and of any like or similar foreign articles: Cotton manufactures, included in paragraphs 903 and 904 of such act.

With respect to investigations made by the Tariff Commission under the authority of section 336 of the Tariff Act of 1930, it is provided that "In the course of the investigation the commission shall hold hearings and give reasonable public notice thereof, and shall afford reasonable opportunity for parties interested to be present, to produce evidence, and to be heard at such hearings."

The notice given by the commission (published in the weekly TREASURY DECISIONS), so far as pertinent here, reads:

The United States Tariff Commission on this 2d day of April, 1935, under and by virtue of the powers granted by law and pursuant to the rules and regulations of the Commission, and in accordance with Senate Resolution 104, 74th Congress, and Section 336 (a), (2), of Title III of the Tariff Act of 1930, hereby orders an investigation, for the purposes of said Section 336, of the differences in costs of production of, and of all other facts and conditions enumerated in said section with respect to, the following article described in paragraphs 903 and 904 of Title I of said tariff act, namely, Cotton cloth being wholly or in part the growth or product of the United States, and of and with respect to like or similar articles wholly or in part the growth or product of competing foreign countries.

The commission reported the result of its findings to the President under date of April 17, 1936, and T. D. 48337 was issued under date of May 21, 1936. The merchandise here involved was entered September 19, 1936.

We do not deem it necessary to quote the text of the somewhat lengthy protest which was filed by the importer, because, in the final analysis, the issue to be determined is narrow in scope.

The trial court, after stating the case, said:

Upon these facts the plaintiff contends (1) that the notice of hearing set forth, supra, and the report to the President by the Tariff Commission (exhibit 2), does

not comprehend cotton handkerchiefs such as are the subject of this suit, and (2) that the proclamation of the President, *supra*, does not in terms or by necessary implication cover cotton handkerchiefs.

The Government contends on its part that the notice of hearings by the Tariff Commission and the report of the Tariff Commission to the President and the proclamation of the President all contemplate cotton cloth dutiable under paragraph 904 of the Tariff Act of 1930, and that as cotton handkerchiefs have been made dutiable as cotton cloth they necessarily come within the said proclamation.

While some arguments are made before us on behalf of appellant which, so far as we can discern from its decision, were not presented before the trial court, the foregoing comprehends the issue to be determined.

We are unable to agree with appellant's contentions.

Paragraph 918, *supra*, makes provision for cotton handkerchiefs *eo nomine*, and declares that they "shall be subject to duty as cloth," obviously meaning cotton cloth. It is the only paragraph in the act which does provide for cotton handkerchiefs *eo nomine*. There is nothing ambiguous about it so far as we can discern. Paragraph 918 of the Tariff Act of 1922 contained a provision similar in meaning.

So, for some 20 years, importers of cotton handkerchiefs have operated under tariff laws which made such merchandise subject to duty as cotton cloth, and they have known (or at least they have had notice by the terms of the pertinent statutes) that the duty rates fixed for cotton cloth are the basic duty rates applicable to all handkerchiefs which are classifiable under paragraph 918, *supra*.

Paragraph 903 (a) of the act reads:

Par. 903. (a) The term cotton cloth, or cloth, wherever used in this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth * * *.

Before us it has been argued on behalf of appellant that "Handkerchiefs of the kind imported in the case at bar are 'articles' made of cotton cloth, and are not cotton cloth."

Should that contention be sustained it would mean that cotton handkerchiefs of the kind here involved are not classifiable under paragraph 918, *supra*, no matter what the duty rate. In other words, such handkerchiefs would not be subject to even the duty rate originally provided in paragraph 904 (c), or, to state it differently, that argument goes to the matter of classification, and no question of classification is raised in the protest. As has been indicated, it was conceded that the merchandise was correctly classified. So, we have no issue as to classification before us.

Every manufacturer and every importer of cotton handkerchiefs must have known that the basic duty rate upon them depended upon the rates applying to the particular kind of cotton cloth which entered into their composition. The rate upon the cloth governs the rate

upon the handkerchiefs. For tariff purposes, the cotton handkerchiefs are cotton cloth, and the notice given by the commission was, in our opinion, entirely sufficient to inform all those interested in cotton handkerchiefs that an investigation was under way which might affect the duty rate on such handkerchiefs.

It is contended on behalf of appellant that the decision of the trial court in this case is in conflict with the decision of this court in the case of *Carl Zeiss, Inc.* v. *United States*, 23 C. C. P. A. (Customs) 7, T. D. 47654.

In that case we held, in effect, that the publication of a notice of an investigation of optical instruments of a class or type *used* by the Army, Navy, or their respective Air Forces did not suggest to interested parties that an investigation would be made relative to optical instruments *suitable to be used* by such armed forces. In other words, the commission there broadened its investigation so that it included articles not within the scope of the notice which had been given.

No such situation exists here. As is stated in the brief filed before us on behalf of the Government:

The Notice of Investigation herein was that it would include cotton cloth dutiable under paragraph 904; and the investigation and report to the President was on cotton cloth dutiable under paragraph 904. Interested parties are presumed to know that under the Tariff Act of 1930 cotton handkerchiefs are made dutiable as cotton cloth. Therefore, the notice of investigation was legally sufficient to acquaint them of its purpose.

The trial court deemed the case of *William A. Foster & Co., Inc.* v. *United States*, 26 C. C. P. A. (Customs) 59, T. D. 49599, "very analogous to the case at bar." We agree with that position despite the arguments of counsel for appellant to the contrary, but, we may say, our conclusion in the instant case is not based upon or governed by the decision in that case.

Appellant's position here is clearly untenable for the reasons stated.

The judgment of the United States Customs Court is *affirmed*.